# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY | ) ) ) |
| Plaintiff | ) ) ) CIVIL ACTION |
| v. | ) ) FILE NO. CV421-313 |
| TITLEMAX OF GEORGIA, INC. and JENNIFER ANN BIELSS | ) ) ) |
| Defendants | ) |

## COMPLAINT IN INTERPLEADER

Now Comes Plaintiff Banner Life Insurance Company ("Banner Life") and files its Complaint in Interpleader.

## PARTIES

1. Banner Life is a corporation organized under the laws of the State of Maryland, with its principal place of business in Frederick, Maryland. Banner Life is duly licensed to do business in the State of Georgia.

2. Upon information and belief, Defendant TitleMax of Georgia, Inc. ("TitleMax") is organized under the laws of the State of Georgia, with its principal place of business in Savannah, Georgia.

3. Upon information and belief, Defendant Jennifer Ann Bielss is the surviving spouse of Otto William Bielss, III ("the Decedent"), and is a citizen of

the State of Georgia, residing in Pooler, Georgia.

## JURISDICTION AND VENUE

4. This is an Interpleader action brought pursuant to Fed. R. Civ. P. 22.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C § 1132 because (a) Banner Life and the Defendants are citizens of different states, and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants reside in this district and are subject to this Court's personal jurisdiction.

## CAUSE OF ACTION IN INTERPLEADER

7. The Decedent was insured under Renewable and Convertible Individual Term Life Insurance Policy No. 181581166 ("the Policy") issued by Banner Life with a face amount of Twenty Million Dollars ($20,000,000). A true copy of the Policy is attached as **Exhibit A**.

8. TitleMax was the owner of the Policy and was named the sole primary beneficiary of proceeds payable under the Policy.

9. Regarding "Changes of Owner and Beneficiary," the Policy provides in part:

> The Owner, Contingent Owner, primary Beneficiary, and contingent

Beneficiary are as shown in the application, unless later changed by the Owner. The Owner may change the designations of Owner, Contingent Owner, and Beneficiary during the Insured's and the Owner's lifetime . . . .

Written Notice of change of the Owner, Contingent Owner, and Beneficiary must be received at the Home Office in a form acceptable to the Company. Any change will then take effect as of the date the Owner signed the notice unless otherwise specified by the Owner. Such a change shall be subject to and not affect any payment made or other action taken by the Company before Written Notice is received.

10. On or about June 15, 2021, TitleMax and the Decedent executed a Change of Ownership form, changing the owner of the Policy from TitleMax to the Decedent. A true copy of the Change of Ownership form is attached as **Exhibit B**.

11. The Change of Ownership form was submitted to Banner Life.

12. By letters dated June 16, 2021, Banner Life notified TitleMax and the Decedent that the Change of Ownership form was received and recorded in Banner Life's records, and the change of ownership was completed. True copies of the June 16, 2021 letters are attached as **Exhibits C and D**.

13. The Decedent died on September 14, 2021. A true and correct copy of the Decedent's certified death certificate is attached as **Exhibit E**.

14. By letter dated October 6, 2021, TitleMax submitted a claim for the proceeds payable under the Policy. Enclosed with the letter were a completed Proof of Loss Claimant's Statement completed by Theodore Helgesen, President of

TitleMax of Georgia, Inc., a Secretary's Certificate stating that in his capacity as President of TitleMax of Georgia, Inc., Mr. Helgesen had authority to execute the Proof of Loss Claimant's Statement on behalf of TitleMax, a copy of the Decedent's certified death certificate, and a copy of the Policy. A true copy of the October 6, 2021 letter and its enclosures are attached as **Exhibit F**.

15. By letter dated October 8, 2021, Jennifer Ann Bielss, through counsel, submitted a claim for the proceeds payable under the Policy. Enclosed with the letter were a completed Proof of Loss Claimant's Statement completed by Ms. Bielss, a copy of the Decedent's certified death certificate, and a copy of emails between the Decedent and Howard Aberman, CFP. Ms. Bielss' attorney asserted that the Decedent "designated his wife [Ms. Bielss] as the beneficiary of [the Policy] as reflected on his communication with Howard Aberman . . . ." A true copy of the October 8, 2021 letter and its enclosures are attached as **Exhibit G**.

16. Banner Life has no record of a request by the Decedent to change the beneficiary of the Policy.

17. By letter dated October 13, 2021, Banner Life wrote to Ms. Bielss' attorney stating that although Banner Life "received ownership change documents in June 2021, . . . at no time did the company receive a request to change the beneficiary of the policy" and Banner Life's records showed that "at the time of

4

[the Decedent's] death TitleMax of Georgia, Inc. was the named beneficiary on the policy." Banner Life informed Ms. Bielss' attorney that because TitleMax and Ms. Bielss had made competing claims to the Policy proceeds, Banner Life was unable to pay either claim. Banner Life gave Ms. Bielss the opportunity to agree with TitleMax on how the Policy proceeds should be paid, and noted that if there was no agreement Banner Life would file an interpleader action to allow a court to determine entitlement to the Policy proceeds. Banner Life also noted that it would seek to recover its attorney's fees and costs in connection with filing an interpleader action. A true copy of the October 13, 2021 letter to Ms. Bielss' attorney is attached as **Exhibit H**.

18. By letter dated October 13, 2021, Banner Life wrote to TitleMax stating that it had received competing claims to the Policy proceeds and was unable to pay either claim. Banner Life gave TitleMax the opportunity to agree with Ms. Bielss on how the Policy proceeds should be paid, and noted that if there was no agreement Banner Life would file an interpleader action to allow a court to determine entitlement to the Policy proceeds. Banner Life also noted that it would seek to recover its attorney's fees and costs in connection with filing an interpleader action. A true copy of the October 13, 2021 letter to TitleMax is attached as **Exhibit I**.

19. Upon information and belief, the Defendants have not reached an agreement on the proper distribution of the Policy proceeds.

20. Banner Life cannot determine the proper beneficiary of the Policy proceeds without risking exposure of itself to multiple vexation, multiple litigation, and/or multiple liability.

21. Specifically, if the Court determines that the Decedent effectuated a change of the beneficiary of the Policy from TitleMax to Jennifer Ann Bielss, the Policy proceeds would be payable to Ms. Bielss.

22. Conversely, if the Court determines that the Decedent did not effectuate a change of the beneficiary of the Policy from TitleMax to Jennifer Ann Bielss, the Policy proceeds would be payable to TitleMax.

23. As a mere stakeholder, Banner Life has no interest in the Policy proceeds except to recover its attorneys' fees and litigation costs. Banner Life therefore requests that this Court determine to whom the Policy proceeds should be paid.

24. Banner Life is ready, willing and able to pay the Policy proceeds, in accordance with the terms of the Policy, in such amount(s) and to whichever Defendant the Court shall designate.

25. Banner Life will deposit into the Registry of the Court the Policy

proceeds, plus any applicable interest due and owing under the terms of the Policy, for disbursement in accordance with the Judgment of the Court.

WHEREFORE, Banner Life demands judgment as follows:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court or any administrative agency against Banner Life for recovery of the Policy proceeds, plus any applicable interest by reason of the death of the Decedent;

(ii) Requiring that the Defendants litigate or settle and agree between themselves their claims for the Policy proceeds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Policy proceeds, plus any applicable interest, should be paid;

(iii) Permitting Banner Life to pay into the Registry of the Court the Policy proceeds, plus any applicable interest;

(iv) Dismissing Banner Life with prejudice from this action and discharging Banner Life from any further liability upon payment of the Policy proceeds, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v)   Awarding Banner Life its costs and attorney's fees; and

(vi)   Awarding Banner Life such other and further relief as this Court deems just, equitable and proper.

This 21st day of October, 2021.

                              WOMBLE BOND DICKINSON (US) LLP

                        By:   */s/ Aaron E. Pohlmann*
                               Aaron E. Pohlmann
                               Georgia Bar No. 582685

271 17th Street N.W.
Suite 2400
Atlanta, Georgia 30363
Telephone:   (404) 872-7000
Facsimile:   (404) 888-7490
Email: Aaron.Pohlmann@wbd-us.com

*Attorneys for Banner Life Insurance Company*